GEORGE GRABBE ET AL., Appellants, *v.* RICHARD BOSSE ET AL., Respondents.

### June 21, 1881.

One who is liable on a promissory note cannot, after paying the note, recover the sum so paid from one who has indorsed it for his accommodation.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

L. GOTTSCHALK, for the appellants.

PHILLIPS & STEWART, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This is an action to recover the amount of a promissory note made by the defendant Bosse, indorsed by the plaintiffs, and also by the defendant Schultz. The note having gone to protest the plaintiffs paid it, and thereupon brought this action to recover the sum so paid from Bosse as maker and Schultz as a prior indorser. There was a judgment by default as to Bosse, Schultz alone defended, and the present controversy is wholly between the plaintiffs and him.

His answer sets up the defence that he indorsed the note for the accommodation of the plaintiffs, and not for the accommodation of the defendant Bosse. The evidence shows that this note was made for the purpose of taking up a prior note which had been dishonored; and the transaction, so far as the evidence was not in conflict, was this: Bosse and Grabbe were formerly partners, and, while such, they made a joint note for the individual debt of Bosse. This note was indorsed by Sutter, who had bought out the interest of Bosse and had become partner of Grabbe, under the name of Grabbe & Sutter. This note was dishonored, and in order to take it up and renew it, it became necessary for Bosse to give a new note, with two indorsers instead of one, as before. He, thereupon, went to the defendant Schultz, who belonged to the same church with him, and asked Schultz to indorse the note for him. This Schultz agreed to do, if Grabbe and Sutter would also indorse it. For this purpose Schultz and Bosse called at the store of Grabbe & Sutter. When Schultz got there, he found that Grabbe was out of the city, and Sutter refused to indorse the note with the firm name without the authority of Grabbe. It was then arranged that Schultz should indorse the note, with the understanding that it should not be used unless also indorsed by Grabbe & Sutter. A note was accordingly drawn up payable to Grabbe & Sutter, signed by Bosse, indorsed by Schultz, and left by him with Sutter. Sutter, having procured the consent of Grabbe,

indorsed the firm name on the note in the absence of
Schultz, and *below* the indorsement of Schultz. Grabbe &
Sutter then procured the note to be discounted, and applied
the proceeds to the payment of the former note. The fact
that there was a prior note in bank upon which Grabbe was
liable with Bosse as maker and Sutter as indorser, and that
this note was made for the purpose of paying that, was
concealed from Schultz.

The only substantial conflict of testimony is upon this
point : Schultz testifies that he agreed to indorse as an
additional accommodation indorser after the indorsement
of Grabbe & Sutter, which was to be placed above his in-
dorsement ; and this is denied by Grabbe and Bosse.
Grabbe and Bosse are brothers-in-law.

This is one of those cases which is decided by a state-
ment of its facts. Leaving out the conflict of testimony as
to what was the understanding at the time Schultz indorsed
the note, it is plain that his indorsement was an indorse-
ment for the accommodation of both Grabbe and Sutter,
who were liable on the preceding note, as well as for the
accommodation of Bosse. The conduct of Grabbe & Sut-
ter in placing their names on the back of the note below
the name of Schultz, when the note was made payable to
them and not to Schultz ; their act in procuring the note to
be discounted themselves, and in using the money to take
up the preceding note on which they were liable ; and their
subsequent attempt, after having paid the second note, to
recover the amount so paid from Schultz, is, in substance,
nothing more than the attempt of persons liable upon a
note, after having paid the note, to recover the sum so
paid from one who has indorsed it for their accommodation.
This cannot be done. It would be a fraud upon Schultz to
permit it to be done in this case. The learned judge, who
tried the case without a jury, in giving judgment for
Schultz, gave the only judgment which could rightfully
have been given. The declaration of law which he gave, of

his own motion, was apt and proper. Those which were offered by the plaintiff and refused, were erroneous, in their application to the evidence.

The judgment is affirmed. All the judges concur.